UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

CIVIL ACTION NO. 17-cv-137

RAPHAEL THOMAS, )
)
Plaintiff, )
)
)
)
HENRY MACOLLY, ) **COMPLAINT**
140 Southcenter Court, Suite 500 ) **for Race and Age Discrimination**
Morrisville, NC 27560 )
)
American Telephone and Telegraph Company )
d/b/a "AT&T Corp." )
160 Mine Lake Court, Ste. 100 )
Raleigh, NC 27615-6417 )
)

NOW COMES Plaintiff complaining of Defendant and alleges as follows:

## JURISDICTION AND VENUE

1. This action is brought to remedy discrimination against Plaintiff on the basis of race and age. Plaintiff's Complaint is brought under Title VII of the Civil Rights Act of 1964 (Title VII) as amended by the Civil Rights Act of 1991 and set forth in 42 U.S.C. §2000e, et. seq. This action is also brought under 42 U.S.C. 1981 (Reconstruction Era Statutes).

2. Plaintiff seeks monetary relief, compensatory damages, and punitive damages pursuant to 42 U.S.C. §200e(g), 42 U.S.C. §1981A(b), and North Carolina law.

3. Plaintiff did not timely file charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") waiting for grievance appeals with the Communications Worker of America ("CWA") to be resolved. Such finding is documented in EEOC Charge No. 433-2017-00538.

4. On December 22nd, 2017, the EEOC issued Notices of Right to Sue to Plaintiff.

5. Plaintiff received the Notice of Right to Sue on December 27th, 2016.

6. Plaintiff has exhausted all administrative remedies.

7. Plaintiff is a citizen of Raleigh, North Carolina.

8. At all times relevant to this Complaint, Plaintiff worked for Defendant.

9. The unlawful employment practices complained of herein occurred within Wake County, North Carolina.

10. The jurisdiction of this court is invoked pursuant to 42 U.S.C. §2000e, 42 U.S.C. §1981, 38 U.S.C. §4323(b)(2), 28 U.S.C. §1337, and 28 U.S.C. §1343(4).

## PARTIES

11. Plaintiff is an African American male.

12. Defendant Supervisor Henry MaColly is a White male.

13. Defendant Employer, AT&T Corp., is a New York Corporation licensed to do and doing business in the State of North Carolina with locations in Wake County, North Carolina.

14. Employer owns retail stores and operations throughout the United States and some foreign countries.

15. At all times relevant to this Complaint, Employer owned and operated the site located at 140 Southcenter Court, Suite 500, Morrisville, North Carolina where Plaintiff was employed.

16. Defendant employs millions of employees and is one of the largest telecommunications providers in the United States.

17. At all times relevant to this Complaint, Defendant's site employed employees for each working day in each calendar year in the current or the preceding calendar year.

18. At all times relevant to this Complaint, Defendant employed Henry MaColly ("MaColly"), who acted as an agent of Defendant and within the course and scope of his employment with respect to the acts complained of in the Complaint.

## STATEMENT OF FACTS

19. Plaintiff is a 49-year old African-American male.

20. Plaintiff moved to North Carolina from Florida in September of 2015 after accepting a job with Defendant.

21. Before the incident complained of Plaintiff worked for Defendant for seven months.

22. Plaintiff has worked for Defendant as a wire tech installer.

23. Plaintiff has worked for many years in the telecommunications field.

24. On April 5th, Plaintiff was completed assigned duties in the morning and was sent to lunch.

25. Plaintiff asked was directed to take the work vehicle in order to dispatch to a job site after lunch.

26. Plaintiff got in vehicle and drove to the employer's gate to leave.

27. As Plaintiff was sitting in the vehicle at the gate, Defendant MaColly approached the truck, grabbed the door handle of vehicle, and banged on the window.

28. Defendant Supervisor stated, "All you old nigger monkeys gotta go!"

29. When Plaintiff opened the door of the truck, Defendant Supervisor accused Plaintiff of using his phone while operating the company vehicle.

30. Plaintiff explained to MaColly that his phone was in the back of the truck and that he was checking the time on his watch.

31. Plaintiff was sent to lunch and when he returned he was terminated.

32. Plaintiff has not been able to find employment since his termination.

## FIRST CAUSE OF ACTION:
## RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

33. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 46 in support of this claim of relief.

34. The actions of Defendants as set forth herein constitute intentional discrimination against Plaintiff on the basis of race, in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e, et. seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981A(a)(1).

35. Defendants engaged in discriminatory practices against Plaintiff with either malice or with reckless indifference to the federally protected rights of Plaintiff to be free from racial discrimination in the workplace, as set forth in 42 U.S.C § 1981A(a)(1).

36. Plaintiff is entitled to all of his lost benefits of employment, including but not limited to, back pay, front pay, health insurance, life insurance, and retirement benefits.

37. Plaintiff is entitled to recover compensatory damages as provided by the 1964 Civil Rights Act, 42 U.S.C. § 2000e, et. seq. (Title VII) in an amount exceeding $10,000 as a proximate result of Defendants' conduct alleged herein.

38. Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991, 42 U.S.C. §1981A(a)(1) and (b)(1) in an amount exceeding $10,000 as a proximate result of Defendants' conduct alleged herein.

39. Plaintiff is further entitled to recover reasonable attorney's fees, the costs and the expense of this action and such interest as may allowed by law.

## SECOND CAUSE OF ACTION: RACIAL DISCRIMINATION IN VIOLATION OF RECONSTRUCTION ERA STATUTES

40. Plaintiff hereby re-alleges and incorporates by reference the allegations of paragraphs 1 through 39 as though set forth fully herein.

41. The actions of Defendants as set forth herein constitute intentional discrimination on the basis of Plaintiff's race, in violation of the Reconstruction Era Statutes, 42 U.S.C. §1981.

42. Plaintiff is entitled to all of his lost benefits of employment, including but not limited to, back pay, front pay, health insurance, life insurance, and retirement benefits.

43. Plaintiff is entitled to recover compensatory damages as provided by the Reconstruction Era Statutes, 42 U.S.C. §1981, in an amount exceeding $10,000 as a proximate result of Defendants' conduct alleged herein.

44. Plaintiff is entitled to punitive damages as provided by the Reconstruction Era Statutes, 42 U.S.C. §1981, in an amount exceeding $10,000 as a proximate result of Defendants' conduct alleged herein.

45. Plaintiff is further entitled to recover reasonable attorney's fees, the costs and the expense of this action and such interest as may allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a trial by jury of all issues so triable and respectfully prays for judgement against defendant as follows:

1. A declaration that the acts and practices complained of herein are in violation of Title VII of the 1964 Civil Rights Act and the Reconstruction Era Statutes

2. An Order enjoining Defendants from engaging in discrimination on the basis of race in accordance with N.C.G.S. §143-422.1, Title VII of the 1964 Civil Rights Act and the Reconstruction Era Statutes.

3. For a money Judgment against Defendants for the violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 200e-5(g) and 42 U.S.C. § 1981A, representing all lost benefits of employment and compensatory damages, including but not limited to loss of wages, loss of benefits, loss of status, loss of reputation, emotional distress and inconvenience, for an amount in excess of $10,000, which amount shall be determined specifically at the trial of this action.

4. For a money Judgement against Defendants representing punitive damages under §1977A of the Civil Rights Act of 1991, 42 U.S.C. § 1981A, for an amount exceeding $10,000, which amount shall be determined specifically at a trial of this action.

5. For a money Judgment against Defendants for the violation of Reconstruction Statutes, 42 U.S.C. § 1981, representing all lost benefits of employment and compensatory damages, including but not limited to loss of wages, loss of benefits, loss of status, loss of reputation, emotional distress and inconvenience, for an amount in excess of $10,000, which amount shall be determined specifically at the trial of this action.

6. For a money Judgement against Defendants representing punitive damages for a violation of the Reconstruction Era Statutes, 42 U.S.C. § 1981, for an amount exceeding $10,000, which amount shall be determined specifically at a trial of this action.

7. For a money Judgment representing pre-judgment interest.

8. For the court to retain jurisdiction over this action until Defendant has fully complied with the orders of the court and that the court require Defendant to file such reports as my be necessary to supervise compliance.

9. For the costs of suit, including an award of reasonable attorney's fees pursuant to federal law.

10. For such other and further relief as may be just, proper, and necessary to afford complete relief to Plaintiff and to provide Plaintiff that to which he is entitled at the time this action is tried.

This the 22nd day of March, 2016.

Hassan T. Kingsberry, Esq.
N.C. Bar No. 40267
P.O. Box 1285
Youngsville, NC 27596
Telephone: (919) 426-7875
Attorney for Plaintiff